aUNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: MID-AIR COLLISION IN WASHINGTON, D.C., JAN. 29, 2025 | |
| **JENNIFER THOMAS**, Individually, as Personal Representative of the Estate of **CHRISTOPHER COLLINS**, deceased, and on behalf of all Surviving Beneficiaries,<br><br>Plaintiff,<br><br>-v.-<br><br>AMERICAN AIRLINES INC.<br>1 SKYVIEW DR.<br>FORT WORTH, TX 76155<br><br>PSA AIRLINES, INC.<br>1 TERMINAL DR.<br>MIDDLETOWN, PA 17057<br><br>UNITED STATES OF AMERICA,<br>Pamela Bondi, in her official capacity as U.S. Attorney General<br>U.S. Department of Justice<br>950 Pennsylvania Avenue N.W.<br>Washington, D.C. 20530-0001<br><br>Defendants. | Lead Case No:  1:25-cv-03382-ACR<br><br>**SHORT FORM COMPLAINT** |

Plaintiff JENNIFER THOMAS, Individually, as Personal Representative of the Estate of CHISTOPHER COLLINS, deceased, and on behalf of all Surviving Beneficiaries respectfully alleges as follows:

1

1. Plaintiff refers to and incorporates herein by reference the Master Complaint, and any and all later amendments thereto, filed in IN RE: MID-AIR COLLISION IN WASHINGTON, D.C., ON JAN. 29, 2025, as though fully set forth herein. Plaintiff adopts the Master Complaint and agrees to be bound by any rulings with respect to the pleadings of the Master Complaint.

2. Plaintiff adopts each of the general allegations of the Master Complaint except for those paragraph numbers set for here, if any: N/A.

### CLAIMS AGAINST DEFENDANTS

3. Plaintiff brings those Counts, as applicable, against each of the Defendants in the Master Complaint checked below:

- ☒ AMERICAN AIRLINES, INC.
- ☒ PSA AIRLINES, INC.
- ☒ UNITED STATES OF AMERICA

4. Plaintiff incorporates by reference each of the Causes of Action in the Master Complaint checked below:

*As against AMERICAN AIRLINES, INC.:*

- ☒ First Cause of Action for Wrongful Death Based Upon Common Carrier Duty
- ☒ Second Cause of Action for Survival Based Upon Common Carrier Duty
- ☒ Third Cause of Action for Wrongful Death Based Upon Negligence
- ☒ Fourth Cause of Action for Survival Based Upon Negligence

*As against PSA AIRLINES, INC.:*

- ☒ Fifth Cause of Action for Wrongful Death Based Upon Common Carrier Duty
- ☒ Sixth Cause of Action for Survival Based Upon Common Carrier Duty

☒        Seventh Cause of Action for Wrongful Death Based Upon Negligence

☒        Eighth Cause of Action for Survival Based Upon Negligence

*As against UNITED STATES OF AMERICA:*

☒        Ninth Cause of Action for Wrongful Death Based Upon Negligence

☒        Tenth Cause of Action for Survival Based Upon Negligence

## **PLAINTIFF'S INFORMATION:**

5.       Decedent, CHRISTOPHER COLLINS, is an individual who was killed in the crash of American Eagle Flight 5342 ("AE 5342") on January 29, 2025.

6.       CHRISTOPHER COLLINS resided in CONNECTICUT.

7.       Plaintiff JENNIFER THOMAS was a resident of CONNECTICUT and the lawful wife/spouse of CHRISTOPHER COLLINS, deceased, at the time of his death. Plaintiff now resides in NEW YORK.

8.       Plaintiff JENNIFER THOMAS brings this lawsuit individually on his own behalf and as Personal Representative of the Estate of CHRISTOPHER COLLINS, deceased, and on behalf of all surviving beneficiaries.

9.       On or about April 1, 2025, the Stamford Probate Court issued an order appointing JENNIFER THOMAS as Personal Representative of the Estate of CHRISTOPHER COLLINS, deceased. Therefore, she has standing to assert both wrongful death and survival claims on behalf of all beneficiaries of CHRISTOPHER COLLINS and brings this lawsuit in her representative capacity.

## PLAINTIFF'S ADMINISTRATIVE CLAIM

10. On or about June 30, 2025, Plaintiff JENNIFER THOMAS, on behalf of herself, the Estate of CHRISTOPHER COLLINS, deceased, and all surviving beneficiaries, served her initial administrative claims upon the FAA.

11. On or about June 30, 2025, Plaintiff JENNIFER THOMAS, on behalf of herself, the Estate of CHRISTOPHER COLLINS, deceased, and all surviving beneficiaries, served her initial administrative claims upon the United States Army ("Army").

12. The USA:

☐ did not serve any formal response either accepting or denying any of the aforementioned claims within six months of filing, as set forth in 28 U.S.C. § 2675(a). This therefore constitutes a final denial of the claims entitling Plaintiff to file this complaint pursuant to 28 U.S.C. § 2675(a).

and/or

☒ the FAA denied Plaintiff's claims on November 10, 2025, on behalf of both the FAA and United States Army ("Army").

## PLAINTIFF'S DAMAGES

13. Plaintiff requests all available wrongful death and survival economic and non-economic damages in an amount according to proof at trial, including but not limited to the following:

☒ DECEDENT's unusual G-forces, physical injuries, conscious pain and suffering, mental anguish, emotional distress, fear of impending death, and other injuries and damages that ultimately caused his/her death;

- ☒ the loss of the gross earning power of the DECEDENT;

- ☒ the loss of the full value of the life of the DECEDENT;

- ☒ loss of the parental and/or familial relationship arising from the death of the DECEDENT;

- ☒ the loss of financial support and contribution of the DECEDENT;

- ☒ loss of services;

- ☒ loss of inheritance;

- ☒ loss of accumulations;

- ☒ full pecuniary loss of the DECEDENT;

- ☒ loss of past and future income, support, society, love, grief, consortium, solatium, services, guidance, care, comfort, and companionship of the DECEDENT;

- ☒ loss of life's pleasures;

- ☒ loss of enjoyment of life of the DECEDENT;

- ☒ mental anguish and mental pain and suffering that the heirs, beneficiaries and distributees of the DECEDENT's Estate were caused to incur;

- ☒ other necessary and reasonable expenses as a result of the DECEDENT's death;

- ☒ attorneys' fees, costs and other damages permitted under applicable laws;

- ☒ pre- and post-judgment interest on all damages as allowed by law;

- ☒ all costs of suit herein;

| | |
|---|---|
| ☒ | such other and further relief as the Court shall deem just and proper; |
| ☐ | Other (specify): |

## ADDITIONAL ALLEGATIONS, IF ANY

14. At the time of his death, Decedent CHRISTOPHER COLLINS was employed as a vice president at Moody's Investors Service. Chris started at Moody's as an Analyst, and was promoted several times, with another promotion expected in 2025. He was identified within the company as a future team leader and was already speaking and publishing regularly, as well as appearing for Moody's on CNBC and other outlets. Chris is survived by his wife, Jennifer, who he married in 2019. Chris was a loving, supportive and dedicated husband to Jennifer. Jennifer's life has been shattered by Chris's death and the loss of her soulmate in such a sudden, public and preventable tragedy. Jennifer's life will never be the same and she will always mourn the lifetime of happiness that she and Chris should have had together as a family.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all claims in this action.

Dated: December 1, 2025

                                KREINDLER & KREINDLER LLP

                                By:   */s/ Brian J. Alexander*
                                      Brian J. Alexander
                                      (Bar ID: NY0679)
                                      Justin T. Green
                                      (Bar ID: NY0692)
                                      Anthony Tarricone
                                      (Bar ID: 492480)
                                      Daniel O. Rose
                                      (applicant *pro hac vice*)

Vincent C. Lesch
(Bar ID: NY0675)
Evan Katin-Borland
(Bar ID: NY0674)
Erin R. Applebaum
(Applicant *pro hac vice*)
485 Lexington Avenue, 28th Floor
New York, New York 10017
(212) 687-8181
balexander@kreindler.com
jgreen@kreindler.com
atarricone@kreindler.com
drose@kreindler.com
vlesch@kreindler.com
ekatinborland@kreindler.com
eapplebaum@kreindler.com